| UNITED STATES DISTRICT COURT | FILED |
|---|---|
| EASTERN DISTRICT OF NEW YORK | * JAN 2 0 2009 * |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 08-CR-76 |
| v. | ) ) ) | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| JOSEPH CHIRICO, | ) ) | |
| Defendant. | ) ) | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guideline sentence, such a statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

1

On June 4, 2008, Joseph Chirico pled guilty to a single-count information which charged that between July 2006 and January 2008, Chirico and others conspired to conduct financial transactions, in and affecting interstate commerce, which in fact involved the proceeds of specified unlawful activity, to wit: monies taken by extortion, in violation of 18 U.S.C. § 1951, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, knowing that the financial transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the unlawful activity, in violation of 18 U.S.C. § 1956(h) and 1956(a)(1).

Chirico was sentenced on December 5, 2008. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be ten and defendant's criminal history category to be one, yielding a guideline range of imprisonment of between six and twelve months. This guideline range is situated in Zone B of the federal sentencing guidelines table. See U.S.S.G. Ch. 5, Pt. A, Sentencing Table (2008). The offense carried a maximum term of imprisonment of twenty years. 18 U.S.C. § 1956(a)(1). The guidelines range of fine was from $2,000 to $20,000, with a maximum fine of $500,000. Id. The underlying charges were dismissed upon motion by the government.

A sentence within Zone B of the guidelines may be imposed through any of the following forms of punishment:

(1) A sentence of imprisonment; or

> (2) A sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement[] or home detention according to the schedule in subsection (e), provided that at least one month is satisfied by imprisonment; or
>
> (3) A sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in subsection (e).

U.S.S.G. § 5C1.1(c). Subsection (e) provides, in pertinent part, that "one day of home detention [may be substituted] for one day of imprisonment." U.S.S.G. § 5C1.1(e)(3).

Chirico was sentenced to five years probation. The sentence will include six months of home detention. See U.S.S.G. § 5C1.1(c)(3). During the period of home detention, Chirico may leave home for ten hours per day to work and for religious services and necessary medical care. No electronic monitoring is necessary for surveillance of the defendant in light of his age, family circumstances, and his work commitments. See U.S.S.G. § 5F1.2. A fine of $25,000 was imposed, payable within one year without interest. A $100 special assessment was imposed.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The crime is serious because the defendant's illegal actions contributed to the support of a dangerous organized crime family. The defendant has benefited financially from his relationship with organized crime and his position as a "soldier." The defendant has engaged in several altruistic activities. Individuals from his family and the community have expressed their support for him in view of his

contributions to charitable organizations. He owns and operates a restaurant that employs twenty-five people whose jobs and financial security would be placed in jeopardy if he were incarcerated. A sentence of five years probation that includes six months home detention reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in organized crime will result in a substantial punishment. Specific deterrence is achieved through the conditions of probation and home detention and the impact of this conviction on the defendant's ability to obtain business-related licenses. It is unlikely that he will engage in further criminal activity in light of his age, family circumstances, and business responsibilities.

Jack B. Weinstein
Senior United States District Judge

Dated: December 18, 2008
Brooklyn, New York